UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Charles Chandler,
    Plaintiff,

v.                          File No. 1:09-CV-58

Karen Carroll, William
Sorrell, Tracy Shriver,
    Defendants.

## OPINION AND ORDER
(Paper 13)

Plaintiff Charles Chandler is currently a defendant in an ongoing criminal proceeding in state court. Currently before the Court is Chandler's emergency motion for injunctive relief in which he asks for a protective order that would effectively prevent the state court from impaneling a jury on April 30, 2009.

In his motion, Chandler explains that his lawyer has had to withdraw from the state court case, and that he is currently without counsel. The state court is allegedly planning to proceed with a jury draw notwithstanding Chandler's lack of counsel, which Chandler claims will violate his constitutional rights. The motion therefore seeks an injunction barring Judge Karen Carroll "from having any contact with the Defendant or at a minimum Barr [sic] the Defendant from having any hearings that involve the Plaintiff until his lawyer can file an appearance or this Honorable Court can review this case."

Because Chandler is asking the Court to intervene in an ongoing state criminal proceeding, the motion cannot be granted.

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution citing, *inter alia*, the Federalism principles central to the United States Constitution. The Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Springfield, 56 F.3d 391, 393 (2d Cir.), cert. denied, 516 U.S. 1012 (1995).

Here, all elements for Younger abstention are met: 1) there is a pending criminal case against Chandler; 2) Vermont has an important state interest in enforcing its criminal laws; and 3) Chandler is free to raise his Sixth Amendment concern in the pending criminal proceeding. Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); State v. Lang, 167 Vt. 572 (1997) (raising Sixth Amendment claim in state court). Because the facts of this case do not constitute "extraordinary circumstances" warranting intervention, Younger, 401 U.S. at 755, the Court must adhere to the Younger doctrine and abstain from interfering in Chandler's ongoing criminal proceeding.

For these reasons, Chandler's motion (Paper 13) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of April, 2009.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge