```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT
```

Charles Chandler,            :
        Plaintiff,           :
                             :
        v.                   :     File No. 1:09-CV-58
                             :
Karen Carroll, William       :
Sorrell, Tracy Shriver,      :
        Defendants.          :


## OPINION AND ORDER
(Papers 6 and 8)

Plaintiff Charles Chandler, proceeding *pro se*, brings this action claiming that the defendants have violated his constitutional rights. Specifically, Chandler claims that Judge Karen Carroll violated his right to counsel in a criminal case, and wrongfully ordered police officers to enter his home. When Chandler complained to Attorney General William Sorrell and Windham County State's Attorney Tracy Shriver, each allegedly declined to prosecute. Currently before the Court are the defendants' motions to dismiss. For the reasons set forth below, the motions to dismiss are GRANTED and this case is DISMISSED.

## Factual Background

Chandler's complaint centers upon actions allegedly taken by state court Judge Karen Carroll. At all times relevant to the complaint, Judge Carroll was presiding over a criminal action in which Chandler was the defendant. Chandler's first claim is that on two occasions in September 2008, Judge Carroll "unlawfully"

threatened to file a professional conduct complaint against Chandler's attorney. Shortly thereafter, counsel withdrew from the case. As a result, Chandler alleges that he was left without representation in violation of his Sixth Amendment rights.

Attached to the complaint is the transcript of a hearing held on September 12, 2008, in which Judge Carroll discussed her thought process with respect to the professional conduct complaint. "I had considered filing such a complaint, not because I felt there was any unethical behavior, but because the Court needed assistance in getting certain cases to hearing considering the medical issues that [counsel had] had." (Paper 1-2 at 3). As the defendants explain in their motion to dismiss, "the Vermont Supreme Court, through the Professional Responsibility Board, [may] assign substitute counsel in the event [counsel's] medical conditions render him disabled." (Paper 8 at 3). An Entry Order rendered earlier in Chandler's criminal case makes clear that counsel's medical issues were delaying the case, and that stand-by or substitute counsel needed to be considered. (Paper 8-4).

Chandler claims that Judge Carroll not only threatened counsel directly with a professional conduct charge, but also through a member of counsel's firm. In the transcript submitted by Chandler, Judge Carroll confirms having had such conversations "both on and off the record." (Paper 1-2 at 3). When counsel

2

conceded that his health was "still an issue," the court granted his motion to withdraw and allowed Chandler 18 days in which to find new counsel. (Paper 8-2 at 8). The state court docket indicates that this deadline was subsequently extended for several months so that a decision could be issued on Chandler's motion to disqualify Judge Carroll. (Paper 8-3 at 7). The motion to disqualify was ultimately denied. Id.

Chandler's second allegation against Judge Carroll is that she "did unlawfully and corruptly allow four Vermont State Troopers to invade the Plaintiff's Home/Business to commit the crime of Armed Robbery and to take private property belonging to the Plaintiff." (Paper 1 at 3). The Troopers allegedly entered and searched Chandler's home on October 3, 2008 "without a warrant and without any legal cause." Id. at 4. They proceeded to seize approximately $10,000 in cash as well as "certain paperwork and evidence." Id. Chandler claims that the Troopers also took a bottle of prescription medicine and smashed a window on his utility truck.

After leaving Chandler's home, the police allegedly telephoned Judge Carroll to provide an update. The complaint contends that "[t]he four individuals ordered by the Defendant caused the Plaintiff to fear for his life and had there not been so many witnesses this Armed Robbery would have most likely lead to the death of the Plaintiff." Id. The Troopers are not

3

defendants in this case, as they are being sued by Chandler in a separate action. See Chandler v. Albright, *et al.*, File No. 1:09-CV-59.

Chandler brought his allegations about Judge Carroll to the attention of Vermont Attorney General William Sorrell and Windham County State's Attorney Tracy Shriver. Both Sorrell and Shriver allegedly declined to take action because Chandler had named them as defendants in a pending civil suit. They also "criminally stopped the Plaintiff from filing a criminal complaint himself" against the Troopers who had entered his home on October 3, 2008. (Paper 1 at 6). "The Defendants refused to accept the written complaint and had the written complaint returned to the Plaintiff by the Clerk of Windham District Court . . . ." Id. Chandler submits that these alleged actions violated his rights under the Equal Protection Clause of the Fourteenth Amendment, as well as his First Amendment right "for a redress of grievances." Id. After being refused assistance by defendants Sorrell and Shriver, Chandler allegedly tried to file a complaint in Vermont District Court, but "Defendant Carroll refused to accept the Complaint . . . ." Id. at 7.

The complaint sets forth nine claims for relief, including claims of extortion, racketeering, constitutional violations, and state statutory claims. Chandler also accuses defendants Sorrell and Shriver of taking action "to seize the Plaintiffs [sic]

4

image, embarrass, humiliate, intimidate, and deliberately inflict emotional injury upon the Plaintiff." Id. at 9.  For relief, he is asking for compensatory damages, a protective order barring the defendants from having any contact with him or his family, and for the Court to cite the defendants "with a Criminal Complaint from this Court and prohibit them from holding any public office until the outcome of their Criminal case." Id. at 14.

## Discussion

The defendants have each moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Their motions test the legal rather than the factual sufficiency of Chandler's complaint.  See, e.g., Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'") (quoting Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998)).  Accordingly, the Court must accept the factual allegations in the complaint as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and draw all reasonable inferences in favor of the plaintiff.  Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995).

5

The Supreme Court has held that the standard governing a complaint's legal sufficiency is one of "plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-60 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). The standard does not require a probability of liability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings drafted by a *pro se* party must be liberally construed. Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006).

I. Judge Carroll

Judge Carroll moves to dismiss on the basis of absolute judicial immunity. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991); Gotbetter v. Wendt, 2008 WL 5147036 at *3 (S.D.N.Y. Dec. 3, 2008). "The absolute immunity of a judge applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

6

Judicial immunity is overcome in only two situations: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11 (citations omitted).

The first allegation against Judge Carroll is that she threatened Chandler's attorney.  The record makes clear, however, that Judge Carroll was concerned about the pace of Chandler's criminal proceeding, and about the impact counsel's health problems might have on getting the case to trial.  Under the Vermont Criminal Rules, Judge Carroll had an obligation to avoid "unjustifiable expense and delay."  Vt. R. Crim. P. 2.  By considering action through the Professional Responsibility Board, Judge Carroll was merely exploring one avenue by which the case could proceed without undue delay.  Her actions were plainly judicial in nature, were taken with full jurisdiction, and are entitled to absolute judicial immunity.

Chandler next claims that Judge Carroll wrongfully permitted State Troopers to enter his house and take cash and personal items.  Specifically, he claims that the search was conducted "without warrant and without any legal cause."  (Paper 1 at 4).  While the Court must accept Chandler's factual allegations as true, it notes that Judge Carroll "adamantly denies Plaintiff's

7

allegations" and urges the Court to disregard Chandler's legal conclusions and any speculation about her actions or motives.

Judge Carroll also argues that ordering a search and seizure of property is a judicial function under Vermont law. Vt. R. Crim. P. 41. The Supreme Court has "made clear that 'whether an act by a judge is a "judicial" one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in [her] judicial capacity.'" Mireles, 502 U.S. at 12 (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)). In Mireles, a judge had ordered the police to use excessive force in bringing an attorney before him. The Court held that the question presented was not whether the order was improper, erroneous, or beyond the judge's authority, but whether the act was one "normally performed by a judge." Id.

Here, Judge Carroll's authorization of a home search was a distinctly judicial act. Whether the order was issued erroneously, or whether directing the search went beyond Judge Carroll's authority, is immaterial. See id. Judge Carroll had jurisdiction over Chandler's criminal case, and is entitled to judicial immunity for her alleged role in the search and seizure of his property.

Because Judge Carroll is immune from suit based upon the facts alleged, each of Chandler's claims against her, including

8

his claims of extortion, racketeering and constitutional violations, must be dismissed. Accordingly, Judge Carroll's motion to dismiss (Paper 8) is GRANTED.

II. Sorrell and Shriver

Attorney General Sorrell and State's Attorney Shriver have moved jointly for dismissal. Their first argument seeks immunity for damages claims brought against them in their official capacities. The Eleventh Amendment of the United States Constitution prohibits suits brought in federal court by citizens against a state and its agencies, absent a waiver of immunity and consent to suit by the state or a valid abrogation of constitutional immunity by Congress. See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-47 (1993); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-100 (1984). The Eleventh Amendment also bars claims for damages brought against state employees sued in their official capacities. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Pennhurst, 465 U.S. at 102.

Relevant to this case, there has been no waiver of Vermont's sovereign immunity and no abrogation of that immunity by Congress. In fact, the Vermont legislature has specifically preserved the State's immunity under the Eleventh Amendment. See 12 V.S.A. § 5601(g). Accordingly, Chandler's damages claims

brought against Sorrell and Shriver in their official capacities are DISMISSED.

The defendants next attack Chandler's claim, set forth in his "second claim for relief," that they sought to "seize [his] image, humiliate, harass, intimidate, and deliberately inflict emotional injury upon Plaintiff." (Paper 1 at 9). Chandler's only legal citation in this cause of action is to 42 U.S.C. § 1983. However, the only allegation that resembles a constitutional claim is the reference to seizure of Chandler's image, and Chandler offers no factual support for this specific claim.

Construing the complaint extremely liberally, the seizure of image claim may have something to do with Chandler's arrest and the taking of his photograph. In any event, Sorrell and Shriver are not alleged to have been involved in Chandler's criminal case. As to any claims of harassment, emotional distress, embarrassment or humiliation, these do not rise to the level of constitutional claims. See, e.g., Calderon v. Wheeler, 2009 WL 2252241, at *13 (N.D.N.Y. July 28, 2009) ("42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse."); Caldarola v. City of Westchester, 142 F. Supp. 2d 431, 441 (S.D.N.Y. 2001) (finding no constitutionally protected interest in being free from reputational injury). Chandler's second claim for relief is, therefore, DISMISSED.

Count Three of the complaint charges Sorrell and Shriver of denying Chandler his First Amendment right to petition the government for redress of grievances. Chandler's specific claim is that the defendants declined to undertake the prosecution of Judge Carroll, and that they had his complaint returned to him by state court personnel.

The defendants argue that Chandler had no constitutional right to a criminal prosecution. Indeed, "it is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual." Price v. Hasly, 2004 WL 1305744, at *1 (W.D.N.Y. June 8, 2004) (citing Leeke v. Timmerman, 454 U.S. 83 (1981); Linda R.S. v. Richard D., 410 U.S. 614 (1973)); Rzayeva v. United States, 492 F. Supp. 2d 60, 87 (D. Conn. 2007)). Moreover, the decision as to whether to bring a prosecution is entitled to absolute prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (holding that prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in their prosecutorial capacities.); Doe v. Phillips, 81 F.3d 1204, 1210 (2d Cir. 1996) (same). Finally, the claim that these prosecutors directed state court personnel to take certain actions with respect to his court filings is clearly frivolous, as attorneys cannot guide the filing practices in state court. Chandler's third claim for relief is, therefore, DISMISSED.

The next cause of action involving Sorrell and Shriver is Count Seven, in which Chandler alleges the denial of his rights under the Equal Protection Clause of the Fourteenth Amendment. The factual allegations underlying this claim again pertain to the defendants' respective decisions not to prosecute, and their alleged interference with Chandler's efforts to file a criminal complaint. Accordingly, the same defenses apply, to wit, Chandler had no constitutional right to file a criminal complaint and the defendants are entitled to absolute prosecutorial immunity.

The defendants also argue that Chandler has failed to state a valid equal protection claim. An equal protection claim must set forth two elements: (1) that the plaintiff was treated differently than others similarly situated, and (2) that this differential treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person. Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 234 (2d Cir. 2004); Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000). A plaintiff need not necessarily show that he is a member of a particular protected group, so long as he alleges that he has been "treated differently from others similarly situated and that there is no rational basis for the difference

in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Chandler has not set forth any facts about "others similarly situated." Nor has he alleged facts sufficient to state a claim of discriminatory intent. The sole factual allegations with respect to the movants is that they used their "influence and position" to bar Chandler from filing a criminal complaint. (Paper 1 at 12). The remainder of Count Seven cites the Fourteenth Amendment and asserts, in conclusory fashion, that the defendants engaged in various unlawful conduct.

As the Supreme Court has explained "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65. Because Chandler has failed to provide any facts that would raise his equal protection claim above the speculative level, the Court must GRANT the defendants' motion to dismiss on this claim.

The final cause of action involving Sorrell and Shriver is Count Nine, in which Chandler alleges unlawful interference with commerce and violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"). See 18 U.S.C. § 1961 et seq. Chandler claims that the defendants engaged in a "scheme" that consisted of Sorrell and Shriver "and the other five people

mentioned here" and consisted of "an ongoing series or chain of acts for at least three years and is prohibited and defined by M.P.C. ss 212.5 and 18 U.S.C. 1951, 1962-1964 (R.I.C.O.)." (Paper 1 at 13). Count Nine also alleges that "[t]he Plaintiff is an individual and interstate business." Id.

Title 18, Section 1951 *et seq.*, also known as the "Hobbs Act," is exclusively a criminal statute and provides no right of action for private citizens. John's Insulation Inc. v. Siska Constr. Co., 774 F. Supp. 156, 163 (S.D.N.Y. 1991); see also Bajorat v. Columbia-Breckenridge Dev. Corp., 944 F. Supp. 1371, 1377-78 (N.D. III. 1996) (collecting cases holding that the Hobbs Act and other criminal statutes do not allow for a private right of action). Accordingly, any claim brought under this statute is DISMISSED.

In order to state a RICO claim, Chandler must satisfy seven elements: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983), citing 18 U.S.C. § 1962(a)-(c). "The RICO statute defines a "pattern of racketeering activity" as including 'any act which is indictable' under a series of federal criminal laws, including

mail fraud, wire fraud, obstruction of justice, and witness tampering." Sheridan v. Mariuz, 2009 WL 920431, at *6 (S.D.N.Y. Apr. 6, 2009). "[A] RICO plaintiff bears the dual burden of pleading both the 'pattern of racketeering activity' and the substantive violations of federal criminal law that comprise the pattern of racketeering activity." Id. (citing Bank of China v. NBM LLC, 359 F.3d 171, 176-77 (2d Cir. 2004) (explaining that proof of underlying criminal action is a part of establishing a civil RICO claim)).

For reasons discussed above, Chandler has failed to assert actionable, much less criminal, conduct by the defendants. Furthermore, he has not provided any facts to support his claim that the defendants were part of an organized "racket," or that his business is involved in interstate of foreign commerce. "[C]onclusory allegations are insufficient to survive a motion to dismiss RICO claims," particularly given the "stigmatizing effect a RICO claim can have on a defendant." Jones v. Nat'l Commc'n & Surveillance Networks, 409 F. Supp. 2d 456, 473 (S.D.N.Y. 2006). Accordingly, this claim must also be DISMISSED.

III. Leave to Amend

Although the general practice in this Circuit and this District is to grant leave to file an amended complaint, Chandler's claims against the three defendants are substantively flawed and cannot be saved through re-pleading. See Cuoco v.

Moritsuqu, 222 F.3d 99, 112 (2d Cir. 2000). Briefly stated, Chandler is suing a judge, a state Attorney General and a county State's Attorney, each of whom are protected by absolute immunity for much of the conduct alleged in the complaint. To the extent that Chandler claims that these defendants barred him from filing a criminal complaint, he has no constitutional right to do so. While Chandler's equal protection and RICO claims have been insufficiently pled, even a liberal construction of the complaint fails to show "any indication that a valid claim might be stated." Id. Accordingly, leave to re-plead will not be granted in this case. See Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 91 (2d Cir. 2003) (noting that although a district court should consider dismissal of pleadings without prejudice, "a district court need not as a matter of course dismiss a complaint without prejudice to an attempted amendment of the pleadings.").

## Conclusion

For the reasons set forth above, the defendants' motions to dismiss (Papers 6 and 8) are GRANTED and this case is DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of August, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge